IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| SERVANDO JORDAN DELGADILLO | ) | |
| | ) | |
| v. | ) | NO. 3:25-cv-00524 |
| | ) | |
| CUMBERLAND UNIVERSITY | ) | |

TO: Honorable Waverly D. Crenshaw, Jr., United States District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered June 5, 2025 (Docket Entry No. 14), this *pro se* civil case has been referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 19) filed Defendant Cumberland University. Plaintiff has responded in opposition to the motion. For the reasons set out below, the undersigned respectfully recommends (1) that the motion be granted in part as to Plaintiff's federal claims and that those claims be dismissed and (2) that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## I. BACKGROUND

On May 7, 2025, Servando Jordan Delgadillo ("Plaintiff"), a resident of Lebanon, Tennessee, filed this *pro se* civil action against Cumberland University ("Defendant"), a private educational university also located in Lebanon. *See* Complaint (Docket Entry No. 1). Plaintiff subsequently filed an amended complaint as of right, which is now the operative complaint in the case. *See* Amended Complaint (Docket Entry No. 6). Plaintiff asserts the existence of federal

question jurisdiction under 28 U.S.C. § 1331 based upon alleged violations of Title IX of the Educational Amendments Act of 1972, 20 U.S.C. § 1681 *et seq*. ("Title IX") and seeks no less than three million dollars in compensatory and punitive damages. *Id*. at 3 and 12. In addition to his federal claim, Plaintiff sets out twelve claims under state law: fraudulently obtaining access devices; malpractice; negligent breach of fiduciary duty; reckless breach of fiduciary duty; intentional breach of fiduciary duty; breach of contract and covenant of good faith and fair dealing; intrusion to seclusion; emotional distress; defamation; retaliation; wrongful disciplinary actions; punitive damages. *Id*. at 6-11.

In lieu of an answer, Defendant has filed the pending motion to dismiss. Plaintiff has filed a response in opposition to the motion (Docket Entry No. 21), and Defendant has filed a reply (Docket Entry No. 23). A scheduling order has not been entered in the case pending resolution of the motion to dismiss.

## II. THE AMENDED COMPLAINT

Plaintiff's amended complaint does not include a separate and distinct statement of the underlying factual allegations supporting his clams. Nor does it include a narrative of the events that are alleged to have occurred. Instead, Plaintiff makes a series of legal assertions and conclusions, and intersperses what appears to be his primary factual allegations within the statements of six of his legal claims.

In the statement of his claim for "Fraudulently Obtaining Access Devices," Plaintiff alleges that, on October 15, 2024:

> Dean of Students Stephanie Davis/IT unethically obtained a message between Plaintiff (Delgadillo) and a former Graduate Assistant while the Plaintiff was connected to the University's WiFi in Plaintiff's on campus residence.

*Id*. at 6.

In the statement of his claim for "False Title IX Allegation," Plaintiff alleges that on November 4, 2024:

> Head Security Scotty Lewis alleges Plaintiff (Delgadillo) is harassing female students and claims that one female student, Ella Tuplin, complained directly in the office.
>
> Lewis/IT unethically obtained a message between Plaintiff (Delgadillo) and Tuplin by viewing the University WiFi Router on their respective connected devices, since the message was exchanged via WiFi in Plaintiff's on campus residence.
>
> There are cameras to prove if/when anyone comes to the Security Office and the University has denied to show any footage.
>
> Only witness present between Plaintiff's and Lewis' conversation is fellow security guard Luke.
>
> No witness present in alleged conversation between Lewis and Tuplin.
>
> Plaintiff is discriminated for race, sex, age. Plaintiff is Hispanic, male, 28 while Ms. Tuplin is white, 21 years old.

*Id*.

In the statement of his claim for "Malpractice," Plaintiff alleges that on November 14, 2024:

> A meeting between Counselor Dr. Eddie Christian, Title IX Coordinator William R. Richardson, Dean of Students Stephanie Davis and Plaintiff (Delgadillo) took place to discuss [the prior noted events] and to further allege Plaintiff of violating University policies.
>
> Threats of police action, possible litigation action, misdiagnosis of mental illness, expulsion and a life threat were the only resolution given to Plaintiff to conclude the process.

*Id*. at 7.

In the statement of his claim for "Breach of Contract and Covenant of Good Faith and Fair Dealing," Plaintiff alleges that:

> At all times relevant to this litigation, the Defendant (Cumberland University) was in a contractual relationship with Delgadillo and owed a duty [to] Delgadillo to act in good faith and deal fairly with him.
>
> The Defendant breached that duty on more than one occasion by wrongfully taking, utilizing, managing property or financial interests of Delgadillo.

*Id.* at 8.

In the statement of his claim for "Intrusion to Seclusion," Plaintiff alleges that:

> Plaintiff's privacy was violated in his home via surveillance by University controlled WiFi, newly installed cameras, and unannounced facility/security and maintenance visits while the house was unoccupied.
>
> Such visits included breaching of Plaintiff's personal room and invalid confiscation of personal items.
>
> Occurred throughout the tenure of Plaintiff's housing from August 1st 2024-May 3rd 2025.

*Id.* at 9.

Finally, in the statement of his claim for "Retaliation," Plaintiff alleges that:

> As a response to Plaintiff's reporting of Head of Security Scotty Lewis' discrimination and other possible violations, Title IX Coordinator William R. Richardson issued a Do Not Contact order upon the Plaintiff in efforts to avoid consequences arising from this litigation.

*Id.* at 10.

### III. MOTION TO DISMISS, RESPONSE, AND REPLY

By its motion, Defendant seeks dismissal of Plaintiff's claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant argues that the amended complaint "does not contain sufficient facts and/or allegations upon which to base the Plaintiff's

4

Case 3:25-cv-00524    Document 24    Filed 01/30/26    Page 4 of 14 PageID #: 135

claims, or otherwise sustain any of the alleged claims." *See* Docket Entry No. 19 at 1. In its memorandum in support (Docket Entry No. 19-1), Defendant points out why it believes the allegations supporting each claim raised by Plaintiff are lacking and why dismissal of each claim is warranted under the applicable substantive law. In addition to dismissal of the action, Defendant requests an award of reasonable attorney fees, discretionary cost and expenses pursuant to T.C.A. 20-17-107(a). *Id.* at 30.

In response, Plaintiff argues that the amended complaint's "concise well-pleaded allegations of nefarious deed meet and exceed the pleading standard under Ruel 12(b)(6). [Defendant's] motion to dismiss this pivotal civil rights case should therefore be denied." *See* Docket Entry No. 21 at 2. Plaintiff reiterates the factual allegations of the amended complaint and argues why these allegations are sufficient to support his claims and why Defendant's arguments for dismissal should not be accepted. Attached to Plaintiff's response is a two page exhibit that appears to be a screen shot of e-mails and texts messages that he posted on a social media account. *See* Docket Entry No. 21-1.

In reply, Defendant first points out that Plaintiff's response includes numerous new factual allegations and evidence that are not a part of the amended complaint and that should not be considered in review of the motion to dismiss. *See* Docket Entry No,. 23 at 1-2. Defendant then sets forth arguments in rebuttal to Plaintiff's response as to each alleged claim. *Id.* at 2-5.

## IV. STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). If the defendant believes that a complaint fails to contain factual allegations that are sufficient to show an entitlement to relief, Federal Rule of Civil

5

Case 3:25-cv-00524   Document 24   Filed 01/30/26   Page 5 of 14 PageID #: 136

Procedure 12(b)(6) allows the defendant to move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). To survive a Rule 12(b)(6) motion, "'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). "If the plaintiffs do not nudge their claims across the line from conceivable to plausible, their complaint must be dismissed." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (citation and brackets omitted). Dismissal is likewise appropriate where the complaint, however factually detailed, fails to state a claim as a matter of law. *Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007). The Court of Appeals for the Sixth Circuit has confirmed, after a challenge, that this is indeed the governing standard for Title IX claims as well as other claims. *See Doe v. Miami Univ.*, 882 F.3d 579, 588-589 (6th Cir. 2018) (rejecting the reduced pleading standard in Title IX cases enunciated by the Court of Appeals for the Second Circuit).

When determining whether the complaint meets this standard, the Court must accept all the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). However, the Court is not required to accept summary allegations, legal conclusions, or unwarranted factual inferences. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999); *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Further, a complaint must contain "more than labels and conclusions [or] a

6

formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The factual allegations must "be enough to raise a right to relief above the speculative level." *Id.*

Because Plaintiff proceeds *pro se*, the Court views his pleadings with some measure of a liberal construction, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), but this does not require the Court to create claims or to supply or assume facts that are not pled. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). Further, only those factual allegations set out in the pleading are appropriate for consideration by the Court. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). Factual allegations contained in a response that are not part of the actual pleading cannot be considered by the Court in reviewing a rebuttal to a motion to dismiss. *See Laporte v. City of Nashville*, 2019 WL 845413, at *3 (M.D. Tenn. Feb. 21, 2019) (Richardson, J.) ("Plaintiffs, throughout their response briefs, make allegations that are not in the complaint. The Court will not consider these additional allegations in deciding the instant motion to dismiss."); *Orea Energy Group, LLC v. East Tennessee Consultants, Inc.*, 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009). Likewise, the Court should not consider exhibits attached to a response to a motion to dismiss as those are also matters outside the pleadings. *Qiu v. Bd. of Educ. of Bowling Green Indep. Schs., KY,* 2024 WL 5510330, at *2 (6th Cir. Dec. 23, 2024).

V. ANALYIS AND CONCLUSIONS

I. Title IX Claims

The Court's starting place for its review of whether the allegations of Plaintiff's amended complaint are sufficient to state a plausible claim for relief is with the federal claims for a violation

of Title IX, as those are the claims forming the basis for the Court's original, federal jurisdiction over the case under Section 1331.

Title IX of the Education Amendments of 1972 provides generally that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX was enacted to supplement the ban on discrimination in the Civil Rights Act of 1964, and it is designed to prevent sexual discrimination and harassment in educational institutions receiving federal funding. *Bonnell v. Lorenzo*, 241 F.3d 800, 810 n.6 (6th Cir. 2001). Thus, decisions made by such institutions may run afoul of Title IX if gender discrimination is a motivating factor in the decisions. *See Doe v. Vanderbilt Univ.*, No. 3:18-CV-00569, 2019 WL 4748310, at *6 (M.D. Tenn. Sept. 30, 2019). Title IX is enforceable through a judicially implied private right of action, through which monetary damages are available. *Klemencic v. Ohio St. Univ.*, 263 F.3d 504, 510 (6th Cir. 2001).

Plaintiff sets out only one claim that specifically asserts a Title IX violation – the claim of "False Title IX Allegation." *See* Amended Complaint at 6. However, given the benefit of liberal construction, two of his other claims arguably implicate Title IX and thus will be viewed as Title IX claims. These are his claim of "Wrongful Disciplinary Action," *id.* at 11, and his claim of "Retaliation." *Id.* at 10. Title IX applies to university disciplinary proceedings, *Miami University*, 882 F.3d at 589, and prohibits unlawful retaliation against a person for engaging in protected activity under Title IX. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174 (2005).

Against this backdrop, the Court now reviews the allegations set out in the amended complaint in support of Plaintiff's Title IX claims. As set out below, the Court finds that his

8

allegations are not sufficient to support plausible Title IX claims and these claims should be dismissed.

Initially, the amended complaint does not include a factual allegation that Defendant is an entity that receives federal financial assistance and is thus covered by the provisions of Title IX. This is a threshold requirement for any Title IX claim, and the absence of supporting factual allegations on this threshold matter is an appropriate basis for dismissal of the claim. *Doe by & through Doe v. Currey Ingram Acad.*, 721 F.Supp.3d 682, 691 (M.D. Tenn. 2024) (granting motion to dismiss Title IX claim because the plaintiff's complaint "plausibly fails to suggest that Defendant is an entity who could be subject to Title IX").

Furthermore, the factual allegations set out by Plaintiff in his amended complaint are minimal and often vague. Overall, the amended complaint fails to set out a clear picture of what occurred and fails to provide the historical facts underlying the lawsuit. Indeed, the amended complaint seems almost purposefully lacking as to critical factual allegations, and the Court is often left to guess or speculate as to what occurred. In this sense, Plaintiff has failed to meet the basic pleading standards of *Iqbal* and *Twombly.* At the very least, the amended complaint should indicate the "circumstances, occurrences, and events" giving rise to the asserted claims. *Mun. Servs. of Am. Corp v. Sak*, 2023 WL 6958639, at *2 (N.D. Ohio Oct. 20, 2023) (quoting *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). Plaintiff's minimal factual allegations do not provide this.

As to the claim of "False Title IX Allegation," Plaintiff states that the Head of Security Scotty Lewis alleged that Plaintiff was harassing female students and that one female student had directly complained to Lewis in his office, a conversation that Plaintiff asserts no one witnessed.

9

Plaintiff also asserts that "Lewis/IT" unethically obtained a message between Plaintiff and the female student. See Amended Complaint at 6. Even if these minimal allegations are taken as true, they fall far short of supporting a plausible claim that Plaintiff suffered some type of discrimination, let alone a claim of discrimination because of his sex in violation of Title IX.[1] Plaintiff fails to offer any legal support for a conclusion that a plausible Title IX claim can arise from the factual scenario that he alleges.

Plaintiff's claim of "Wrongful Disciplinary Actions" is even less supported by the allegations contained in the amended complaint. There are essentially no factual allegations that specifically support this claim. See Amended Complaint at 11. There are no factual allegations showing that disciplinary proceedings were initiated against Plaintiff, the specifics of any disciplinary proceedings, or the results of any disciplinary proceedings. Such matters are left to speculation. However, even if the Court assumes that disciplinary proceedings occurred, there are no factual allegations showing why such proceedings should be viewed as wrongful, let alone showing a plausible claim that anything about the proceedings constituted discrimination against Plaintiff an account of his sex in violation of Title IX.

Plaintiff's final Title IX claim is his claim of "Retaliation." In support of this claim, Plaintiff alleges that "[a]s a response to Plaintiff's reporting of Head of Security Scotty Lewis' discrimination and other possible violations, Title IX Coordinator William R. Richardson issued a Do Not Contact order upon the Plaintiff in efforts to avoid consequences arising from this

---

[1] The Court notes that Plaintiff also asserts that these events were acts of racial and age discrimination. However, Title IX only protects against discrimination based on sex and not on race or age. *McNally v. Univ. of Hawaii*, 780 F.Supp.2d 1037, 1052 (D. Haw. 2011).

litigation." *See* Amended Complaint at 10. While Plaintiff's allegations are sufficient to at least touch upon a recognized type of Title IX claim, the Court finds that they are nonetheless insufficient to support a plausible claim of retaliation under Title IX.

A plaintiff pursuing a Title IX retaliation claim must show that he engaged in "protected activity" under Title IX by "actively complaining of or opposing alleged discrimination on the basis of sex under Title IX." *Doe v. Belmont Univ.*, 367 F. Supp. 3d 732, 757 (M.D. Tenn. 2019). Significantly, neither actions taken in defense against charges of sexual misconduct nor general complaints about a university's handling of an investigation into claims of sexual misconduct are forms of protected activity under Title IX. *Id.* at 757-58. Given the overall lack of context provided by the amended complaint and the single sentence of factual allegations set out in support of this claim, the Court finds that Plaintiff's assertion of "reporting of Head of Security Scotty Lewis' discrimination and other possible violations" does not rise to the level of supporting a plausible claim that he engaged in protected activity.

First, the Court is left to guess as what "reporting" means, as there are no specific factual allegations providing context to this assertion. Plaintiff offers no factual allegations that he made any kind of actual complaint, whether written or verbal, in the recognized sense of that word. Second, the Court is again left to guess as what "discrimination and other possible violations" means. Only specific complaints about unlawful discrimination on the basis of sex constitute protected activity that can support a Title IX retaliation claim. Vague assertions of "discrimination" will not suffice. *See Goldblum v. Univ. of Cincinnati*, 62 F.4th 244, 253 (6th Cir. 2023) ("To be protected by Title IX, a complaint must specifically accuse a recipient of engaging in intentional sex discrimination—a "vague charge of discrimination" isn't enough.);

11

*Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1313 (6th Cir. 1989) (opposition in the form of a mere "vague charge of discrimination" is insufficient). Plaintiff offers no factual allegations that illuminate his vague assertion. To the extent that the "discrimination" reported by Plaintiff is based on the events that he relies upon for his first Title IX claim, the Court has found *supra* that these events fall far short of stating sex discrimination.

A plausible retaliation claim also requires a showing that Plaintiff suffered an "adverse action." *Belmont Univ.*, 367 F. Supp. 3d at 757. For an action to rise to the level of an adverse action, it must be both a "school-related" action and sufficiently severe to dissuade a "reasonable person" from engaging in the protected activity. *Gordon v. Traverse City Area Pub. Schs.*, 686 F. App'x 315, 320 (6th Cir. 2017). As with Plaintiff's other allegations, his allegation that that a "Do Not Contact" order was issued to him is so unadorned by any other factual allegations that the Court must guess as to the context of the allegation. Without more, there is no basis for the Court to conclude that Plaintiff plausibly alleges that he suffered a retaliatory adverse action. Plaintiff offers no legal authority supporting a conclusion that the issuance of a "Do Not Contact" order constitutes an adverse action for the purposes of a retaliation claim.

The Court has read and reviewed Plaintiff's response in opposition to Defendant's motion to dismiss. The Court finds that his arguments against the dismissal of the Title IX claims are not persuasive and that he has not set out legal authority that requires the denial of the motion to dismiss these claims. Further, his response as to the dismissal of these claims relies in part on factual allegations that are not a part of the amended complaint and that cannot be considered in the stance of ruling on the motion to dismiss. Defendant's motion to dismiss should be granted as to Plaintiff's Title IX claims.

II. Remaining State Law Claims

Upon the dismissal of Plaintiff's Title IX claims, the only claims remaining are the numerous state law claims asserted by Plaintiff. The only basis for the Court to exercise jurisdiction over these claims is under the supplemental jurisdiction provisions of 28 U.S.C. § 1367. However, the Court "may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citation omitted). *See* 28 U.S.C. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction[.]").

There are no apparent reasons why the Court should exercise jurisdiction to hear Plaintiff' state law claims upon the dismissal of the Title IX claims. This is especially so given the early stage of this case. Thus, the Court should decline to exercise supplemental jurisdiction over the state law claims. *See Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F.App'x 580, 584 (6th Cir. 2011) ("[T]his Court applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed."); *Lyndon's LLC v. City of Detroit, Michigan*, 2024 WL 3427176, at *3 (6th Cir. 2024) ("Both federal statutory provisions and our precedent... permit [and] encourage district courts to decline to exercise supplemental jurisdiction over state law claims that are left without an anchor when their associated federal claims are dismissed.") (internal citations omitted); *Doe by & through Doe.*, 721 F.Supp.3d at 692-93 (declining to exercise supplemental jurisdiction over state law claims upon the dismissal of the plaintiffs' Title IX claims.).

III. Defendant's Request Under T.C.A. 20-17-107(a)

The Court should decline Defendant's request for an award of reasonable attorney fees, discretionary cost and expenses pursuant to T.C.A. 20-17-107(a) as Defendant offers no actual legal argument as to why such an award would be warranted given the facts of this case.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully **RECOMMENDS** that:

1) the motion to dismiss (Docket Entry No. 19) filed Defendant Cumberland University. be **GRANTED IN PART** and that Plaintiff's claims under Title IX be **DISMISSED** for failure to state a claim for relief; and,

2) the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and that these claims be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's ability to pursue them in state court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

**Signed By:**
*J. Gregory Wehrman*
**United States Magistrate Judge**