UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SERVANDO JORDAN DELGADILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:25-cv-00524 |
| | ) |
| CUMBERLAND UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 24) recommending that the Court grant in part Cumberland University's motion to dismiss (Doc. No. 19). Servando Jordan Delgadillo, proceeding pro se, has filed timely objections to the R&R. (Doc. No. 25).[1] Cumberland University was permitted, but not required, to respond to Delgadillo's objections within 14 days. Fed. R. Civ. P. 72(b)(2); M.D. Tenn. L.R. 72.02(b). The 14-day deadline has passed, and Cumberland University has not responded. Therefore, the objections are ripe for review. For the following reasons, Delgadillo's objections will be overruled, the R&R will be adopted, and Cumberland University's motion to dismiss will be granted in part.

**I.    BACKGROUND**

Delgadillo alleges that while at Cumberland University, he was discriminated against because of his age, race, and gender after he was accused of harassing a white female student.

---

[1] Under Federal Rule of Civil Procedure 6(d), Delgadillo had 17 days to file timely objections to the R&R because he was served by mail. The seventeenth day landed on a holiday, President's Day (Monday, February 16, 2026). Therefore, Delgadillo had until Tuesday, February 17, 2026, to timely file objections, which he did. See Fed. R. Civ. P. 6(a)(1)(C) (providing that where a deadline falls on a legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

(Doc. No. 24 at 3). He also claims that employees of Cumberland University unlawfully obtained a message off his phone, violated his privacy by surveilling him in his home, and stole his property. (Id. at 4). He alleges that when he reported these violations, he was retaliated against by Cumberland University's Title IX Coordinator. (Id.). Delgadillo filed claims against Cumberland University under Title IX of the Educational Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.* (he titled these claims "False Title IX Allegation," "Wrongful Disciplinary Action," and "Retaliation"). (Id. at 8–10). He also alleges the following state law claims: "fraudulently obtaining access devices; malpractice; negligent breach of fiduciary duty; reckless breach of fiduciary duty; intentional breach of fiduciary duty; breach of contract and covenant of good faith and fair dealing; intrusion to seclusion; emotional distress; defamation; retaliation; [and] wrongful disciplinary actions." (Id. at 2). In response, Cumberland University filed the instant motion to dismiss. (Doc. No. 19). Delgadillo filed a response in opposition (Doc. No. 21), and Cumberland University filed a reply (Doc. No. 23).

The Magistrate Judge recommends granting Cumberland University's motion in part as to Delgadillo's federal claims, and that the Court should decline to exercise supplemental jurisdiction over Delgadillo's remaining state law claims. (Doc. No 24 at 1). There are several reasons that the Magistrate Judge recommends dismissing Delgadillo's federal claims. First, Delgadillo does not allege that Cumberland University receives federal funding and is thus subject to Title IX. (Id. at 9). Second, Delgadillo's factual allegations are unclear and insufficient, leaving the Court to attempt to piece together what occurred, as he alleges it. (Id.). Third, Delgadillo does not offer any legal support from which the Court can plausibly conclude that the facts alleged, even if true, rise to the level of Title IX violations. (Id. at 10). For example, general complaints about how a university handles claims of harassment like the one Delgadillo alleges was lodged against him

are not protected activity under Title IX. (Id. at 11). Similarly, any actions Delgadillo took in defense of the harassment allegation against him also would not qualify as protected activity under Title IX. (Id.). Thus, he cannot make out a claim that he was retaliated against for engaging in protected activity. (Id.).

In short, the Magistrate Judge concludes that Delgadillo's federal claims are too vague and conclusory to survive a motion to dismiss. Having so concluded, the Magistrate Judge recommends that the Court dismiss the federal claims and decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims. (Doc. No 24 at 13). Finally, the Magistrate Judge recommends that the Court should decline Cumberland University's request for attorney's fees, discretionary costs, and expenses under Tennessee Code Annotated Section 20-17-107(a), because Cumberland University does not offer any legal argument that such an award is warranted in this case. (Doc. No 24 at 14).

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that only "specific written objections" to the Magistrate Judge's proposed factual findings and legal conclusions are considered "proper" for consideration. Fed. R. Civ. P. 72(b)(2). Proper objections also

> must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made, and must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. A separately filed supporting memorandum of law, not exceeding twenty-five (25) pages, must accompany the objections.

M.D. Tenn. L.R. 72.02(a). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

3

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Indeed, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." VanDriver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004) (citations and quotations omitted). Additionally, arguments raised for the first time to the district court on objection are not properly before the district court for consideration, because arguments are generally forfeited when not first presented to the magistrate judge. See AES-Apex Emp. Servs., Inc. v. Rotondo, 924 F.3d 857, 867 (6th Cir. 2019) ("[A] district court never abuses its discretion when it holds that an issue not actually presented to a magistrate judge is forfeited."); Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citations omitted) (explaining that petitioner waived claims raised for the first time in his objections to the R&R).

"The failure to properly [or] specifically . . . object to a report and recommendation releases the Court from its duty to independently review the matter." Lawhorn v. Buy Buy Baby, Inc., No. 3:20-CV-00201, 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021) (citing Frias v. Frias, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019)). When objections are not properly raised, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless." Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." Id. "This duplication of time and effort wastes judicial resources rather than sav[es] them, and runs contrary to the purposes of the Magistrates Act." Id.

## III. DISCUSSION

Delgadillo's objections are not proper for several reasons. First, Delgadillo's objections mischaracterize the R&R as providing only two reasons for recommending that his Title IX claims be dismissed: (1) that he did not allege that Cumberland University receives federal funding, and (2) that he "was not discriminated/harassed based on his sex." (Doc. No. 25 at 2). As explained above, the Magistrate Judge provided more than two reasons for recommending dismissal, including that Delgadillo's allegations were, overall, too conclusory, unclear, and vague to meet the pleading standards required to survive a motion to dismiss under Rule 12(b)(6). (Doc. No 24 at 9–12). Delgadillo does not explain with any specificity or particularity why the Magistrate Judge's analysis is incorrect. Next, Delgadillo attempts to cure his admitted failure to allege that Cumberland University receives federal funding by alleging that fact for the first time in his objections to the R&R. (Doc. No. 25 at 3). However, he forfeited that issue by failing to first present it to the Magistrate Judge. See Rotondo, 924 F.3d at 867 (6th Cir. 2019); Murr, 200 F.3d at 902 n.1. Third, Delgadillo's objections merely repeat conclusory allegations that he was discriminated against due to his gender and race. (Doc. No. 25 at 3–4). As such, his objections "do[] nothing more than state a disagreement with a magistrate's suggested resolution [and] simply summariz[e] what has been presented before." VanDriver, 304 F. Supp. 2d at 938. To the extent that Delgadillo attempts to elucidate the facts underlying the Amended Complaint in his objections, again, he is procedurally barred from raising issues for the first time in his objections to the R&R. See Rotondo, 924 F.3d at 867 (6th Cir. 2019); Murr, 200 F.3d at 902 n.1.

Finally, Delgadillo's objections are not "accompanied by sufficient documentation" or "[a] separately filed supporting memorandum of law." M.D. Tenn. L.R. 72.02(a). It is true that "[p]ro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th

5

Cir. 2011) (citations and quotation marks omitted). Nevertheless, "[p]ro se litigants must comply with the procedural rules that govern civil cases." Brock v. Hendershott, 840 F.2d 339, 342–43 (6th Cir. 1988). Therefore, this Court does not have jurisdiction to review the R&R de novo because Delgadillo's objections were not properly raised. Fed. R. Civ. P. 72(b)(3).

Even if Delgadillo's objections were properly raised, however, this Court would overrule them. The Court has reviewed the Amended Complaint (Doc. No. 6) as well as the objections to the R&R. Even assuming, *arguendo*, that Delgadillo properly pled that Cumberland University receives federal funding and is therefore subject to Title IX, his allegations are nevertheless too conclusory and vague to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The most the Court can infer regarding possible Title IX claims, after construing the Amended Complaint in Delgadillo's favor, is that he was accused of harassing a female student; in response, Cumberland University threatened or took disciplinary action against him; and when he reported the Head of Security for discrimination, Cumberland University issued some sort of restraining order against him. (Doc. No. 6 at 6–7, 10, 11). Even if true, those allegations fall short of establishing a plausible Title IX claim that he was discriminated against due to his gender. See Doe v. Miami Univ., 882 F.3d 579, 589–94 (6th Cir. 2018) (describing various causes of action that can be brought under Title IX, all of which involve gender discrimination); Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018) (explaining that alleged facts and inferences drawn therefrom must "plausibly give rise to an entitlement to relief."). Delgadillo's allegations also fall short of establishing that he was retaliated against in violation of Title IX. To make out such a retaliation claim, Delgadillo must show he engaged in protected activity under Title IX: "protected activity that forms the basis of a Title IX retaliation claim is actively complaining of or opposing alleged

6

discrimination on the basis of sex under Title IX." Doe v. Belmont Univ., 367 F. Supp. 3d 732, 756–57 (M.D. Tenn. 2019). Delgadillo's claim that the Head of Security at Cumberland University discriminated against him is not directly tied to his gender, so he has not stated a plausible allegation that he engaged in protected activity. See id.; (Doc. No. 6 ¶¶ 11, 49 ).

In his objections, Delgadillo elaborates somewhat on the allegations in the Amended Complaint, repeatedly stating that because, as he claims, he was accused of harassing female students without justification or proper grievance procedures being followed, that amounts to gender discrimination under Title IX. (See Doc. No. 25 at 3–4). Still, however, these objections, as with the allegations in the Amended Complaint, do not go beyond mere "'labels and conclusions.'" Twombly, 550 U.S. at 555. Therefore, even if Delgadillo's objections were properly before this Court, they would be overruled, and the Court would dismiss his federal claims on de novo review.

Lastly, the Court agrees with the Magistrate Judge that Cumberland University's request for attorney's fees, discretionary costs, and expenses under Tennessee Code Annotated Section 20-17-107(a) is completely devoid of any supporting legal argument. (See Doc. No. 19 at 2; Doc. No. 19-1 at 30). Therefore, that request will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The R&R (Doc. No. 24) is **APPROVED AND ADOPTED**;

2. Cumberland University's Motion to Dismiss (Doc. No. 19) is **GRANTED IN PART** and Delgadillo's claims under Title IX are **DISMISSED**;

3. The Court declines to exercise supplemental jurisdiction over Delgadillo's state law claims, which are **DISMISSED WITHOUT PREJUDICE** to Delgadillo's ability to pursue them in state court;

4. Delgadillo's Motion to Allow Late Filing (Doc. No. 26) is **DENIED AS MOOT**; and

5. Cumberland University's request for attorney's fees, discretionary costs, and expenses under Tennessee Code Annotated Section 20-17-107(a) is **DENIED**.

This is a final order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58 and close the file. Delgadillo is on notice that this Court is no longer the proper forum in which to raise arguments; if he disagrees with the Court's rulings, he may file an appeal with the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE